```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT

Andrew Capoccia,                    :
        Plaintiff,                  :
                                    :
        v.                          :      File No. 1:07-CV-88
                                    :
Carol L. Shea and                   :
Michael P. Drescher,                :
        Defendants.                 :
```

## OPINION AND ORDER
(Paper 8)

Plaintiff Andrew Capoccia, proceeding *pro se*, brings this action claiming that defendants Carol Shea and Michael Drescher, each of whom are Assistant United States Attorneys in the District of Vermont, violated his constitutional rights by moving to intervene in a state court action.  The defendants now move to dismiss pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) for failure to effect proper and timely service.  For the reasons set forth below, the defendants' motion is GRANTED and this case is DISMISSED.

## Factual Background

Capoccia is an attorney who was convicted in this Court on thirteen counts related to a conspiracy to embezzle and misappropriate millions of dollars in client funds.  When he filed this lawsuit, he was incarcerated in the Federal Correctional Institute in Loretto, Pennsylvania.  He filed his complaint in the United States District Court for the Northern

District of New York on April 4, 2007, and the case was immediately transferred here pursuant to 28 U.S.C. § 1406(a).

The complaint alleges that on or about September 13, 2006, Capoccia filed suit in Vermont state court against court reporter Carole Boone and Court Reporters Associates. The state court action included allegations of tampering with a transcript in a federal grand jury proceeding. On January 13, 2007, defendants Shea and Drescher, acting on behalf of the United States, filed a motion to intervene and a notice of removal. That case has since been dismissed with judgment against the plaintiff, and is currently on appeal at the Second Circuit. See generally Capoccia v. Boone, Case No. 1:07-CV-12 (hereinafter "Boone").

Capoccia filed the instant case prior to the dismissal of his claims in Boone. His complaint alleges that when Shea and Drescher moved to intervene in Boone, they committed abuse of process and violated his constitutional rights. For relief, he is seeking damages and injunctive relief.

## Discussion

The question currently before the Court relates to service. When Capoccia filed this case in New York, he paid the filing fee and the court issued summonses. The summonses were returned indicating service upon an employee acting as agent for the United States Attorney for the District of Vermont.

2

Capoccia is suing defendants Shea and Drescher in their individual capacities.  Rule 4(e) requires, in relevant part, that service be made upon individuals according to state law, or by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode . . . or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).  The provisions for personal service in Vermont's Rules are essentially the same as those in the Federal Rules.  Vt. R. Civ. P. 4(d)(1).

Cappocia has failed to serve the defendants either personally or at their places of abode.  Instead, as noted above, a representative from the Chittenden County Sheriff's Department delivered copies of the summons and complaint to an agent for Vermont's U.S. Attorney.  In an individual capacity suit, service through the defendant's employer is insufficient. See Burgos v. Dep't of Children & Families, 83 F. Supp. 2d 313, 315 (D. Conn. 2000).  Furthermore, there is no indication that the agent in the U.S. Attorney's office was authorized to accept service on behalf of individuals who work in that office.  Consequently, Shea and Drescher have not been properly served.

Under the terms of Rule 4(m), a plaintiff is required to serve the defendants within 120 days after the filing of his

complaint, and in the event that he fails to accomplish service or to obtain an extension of time to do so, the court may dismiss the complaint without prejudice unless the plaintiff shows good cause for his default.  Fed. R. Civ. P. 4(m).  Well over 120 days have passed since the filing of the complaint, and Capoccia has failed to comply with the pertinent requirements of Rule 4.  The complaint is, therefore, ripe for dismissal.

The record does not show any additional efforts at service since the defendants filed their motion to dismiss.  Nor does Capoccia argue good cause for his failure to effect timely and proper service.  In response to the motion to dismiss, Capoccia submits that the defendants were required to file an answer "'within 60 days after service on the officer or employee, or service on the United States attorney, whichever is later.'" (Paper 9 at 2, citing Fed. R. Civ. P. 12(a)(3)).  He appears to be arguing that service upon the United States Attorney's office triggered the 60-day response period, and that the defendants' failure to answer or appear waived their right to object to the method of service.

Capoccia is misreading the rules.  Under Rule 4(i)(2)(B), service upon an officer or employee of the United States sued in an individual capacity is effected by serving that officer personally *and* by serving the United States.  Fed. R. Civ. P. 4(i)(2)(B).  Rule 12(a)(3)(B) works in conjunction with Rule

4(i)(2)(B), and sets the response time as 60 days from the date of service upon either the United States Attorney or the individual, whichever is later.  See Fed. R. Civ. P. 12 advisory committee's note (2000 Amendment).  Nothing in Rule 12 relieves a plaintiff from his obligation to personally serve each individual defendant.  Accordingly, the time for filing an answer in this case has not yet expired, and Capoccia's waiver argument is without merit.

## Conclusion

For the reasons set forth above, the defendants' motion to dismiss (Paper 8) is GRANTED, and this case is DISMISSED without prejudice.

Dated at Brattleboro, in the District of Vermont, this 8th day of February, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge